ORIGINAL

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

FILED
MAY 12 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 4:11-MJ-70534 |
| LOUIS LOMBARDI | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___August 27, 2007___ in the county of ___Contra Costa___ in the ___Northern___ District of ___California___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(j) | Possession of a stolen firearm |

This criminal complaint is based on these facts:
See attached affidavit of FBI Special Agent Kenneth Karch

☑ Continued on the attached sheet.

_Kenneth J. Karch_
Complainant's signature

Kenneth Karch, FBI Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 5-12-11

_[signature]_
Judge's signature

JAMES LARSON, U.S. Magistrate Judge
Printed name and title

City and state: San Francisco, CA



Document No.
District Court
Criminal Case Processing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re: LOUIS LOMBARDI

AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Kenneth J. Karch, do swear and affirm as follows:

I. INTRODUCTION AND PURPOSE FOR AFFIDAVIT

1. I make this affidavit in support of a criminal complaint and arrest warrant against Louis LOMBARDI for possession of a stolen firearm, in violation of Title 18, United States Code, Section 922(j). The statements contained in this affidavit are based on my experience and training as a Special Agent and the information provided to me by other law enforcement officers. Because this affidavit is submitted for the limited purpose of securing a complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause that LOMBARDI violated Title 18, United States Code, Section 922(j).

II. AGENT BACKGROUND

2. Since May 1998, I have been employed as a Special Agent (SA) of the Federal Bureau of Investigation (FBI), and have been assigned to the San Francisco Division since September 1998. I am currently assigned to a squad that investigates white collar crime matters, including public corruption. For approximately seven years, I investigated organized crime and gang matters, including drug and firearm violations. I have been a firearms instructor since

September 2000, and served as a member of the San Francisco Division SWAT Team for over seven years.

### III. APPLICABLE LAW

3. Title 18, United States Code, Section 922(j) makes it a crime for someone "to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm . . . which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm . . . was stolen."

### IV. FACTS ESTABLISHING PROBABLE CAUSE

4. I am involved in an investigation of a Louis LOMBARDI, who has been employed as an officer of the San Ramon Police Department (SRPD), in San Ramon, California, since June 30, 2007. Based on my review of law enforcement reports provided to me by the SRPD, I know the following:

5. Prior to working for SRPD, LOMBARDI was employed by the Contra Costa County Sheriff's Office. He was assigned to the Central Contra Costa Narcotics Enforcement Team (CNET) in June 2005 and remained assigned to CNET after joining SRPD, until his transfer to SRPD's patrol division in March 2009.

6. On August 27, 2007, while assigned to CNET, LOMBARDI received a call from a Confidential Informant (CI) who told LOMBARDI that an unknown Hispanic male had given the CI two guns. The CI advised LOMBARDI that he believed the guns were stolen and wanted to turn the guns over to LOMBARDI. LOMBARDI and another CNET Special Agent paid the CI $200 in "local buy funds" in exchange for the weapons. Based on my conversation with an

SRPD officer, I am aware that local buy funds are funds derived from state or local government budgets and are used for the purpose of undercover operations to buy contraband.

7. After buying the weapons from the CI, LOMBARDI filed a Central Contra Costa Narcotics Team report, case file number TF07-0087, dated August 27, 2007. In his report, LOMBARDI stated: "I photographed each gun and placed a CD of the photos in the CNET vault. I logged both guns into the Contra Costa County Property Room for destruction." LOMBARDI described the two guns: "The handgun is a Charter Arms 'Pathfinder' .22 cal 6 shot revolver serial number 398329. . . . The rifle is a glenfield model 25 .22 cal short, long, long, rifle with the serial number 72368152."

8. On May 4, 2011, in conjunction with LOMBARDI's arrest on state drug conspiracy charges (among other things), SRPD officers executed a search warrant on LOMBARDI's residence in Discovery Bay, California. During the search, police discovered the two firearms that LOMBARDI reported having logged into the property room.

9. When a law enforcement officer or representative logs property into Contra Costa County's Property Room, the County Sheriff's procedure requires the officer to turn in an "evidence card." Based on this evidence card, an evidence technician with a title of Sheriff's Specialist creates a computer record of the logged property. Further, according to Sheriff's Office procedure, guns are also recorded by serial number when they are logged into the Property Room. The Sheriff's Specialist has confirmed that no evidence card or computerized record exists of any property logged in association with LOMBARDI's report or case file number pertaining to his report. Nor is there any record of the firearms' serial numbers.

10. The Sheriff's Specialist advised SRPD that, when guns are recovered, records regarding the guns' status are entered in the California Law Enforcement Telecommunications

System (CLETS) Automated Firearms System (AFS). According to a search of the CLETS AFS database, the two guns identified in LOMBARDI's report were listed as "found," but not as "stored" or "destroyed." The Sheriff's Specialist advised SRPD that, had the guns been logged in the property room, the CLETS AFS entry would have reflected a "stored" or "destroyed" status.

11. Based on the lack of records, the Sheriff's Specialist advised SRPD that the guns listed in LOMBARDI's report were never booked into the property/evidence room.

12. On May 12, 2011, I received an e mail from a Supervisory Special Agent (SSA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives. The SSA is an interstate nexus expert, who has attended basic and advanced training in determining the place of manufacture of firearms and has testified in federal court at least six times. The SSA advised me that the Charter Arms gun was manufactured in Stratford, Connecticut, and that the Glenfield rifle was manufactured by Marlin Firearms Company in either New Haven or North Haven, Connecticut. The SSA further advised me that the guns were definitely not manufactured in California and would have had to travel in interstate commerce to be found here.

## V. CONCLUSION

13. Based on the above information, there is probable cause to believe that on August 27, 2007, LOMBARDI used state or local funds to purchase two .22 caliber guns, which he had reasonable cause to believe were stolen, that he falsely reported logging these guns into the County Property Room, and that he in fact took the guns to his home, where they were found during the search warrant execution.

14. Based on the foregoing evidence, there is probable cause to believe that Louis LOMBARDI knowingly and unlawfully possessed and stored a stolen firearm in violation of 18 U.S.C. § 922(j).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

*Kenneth J. Karch*
Kenneth J. Karch, Special Agent
Federal Bureau of Investigation

Sworn and subscribed to before me this 12th day of May, 2011.

HON. JAMES LARSON
United States Magistrate Judge