AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☒ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

FILED OCT 24 2011 P 3:65
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**OFFENSE CHARGED**

See Attached

e-filing

☐ Petty
☐ Minor
☒ Misdemeanor
☒ Felony

PENALTY: See Attached

**DEFENDANT - U.S**

▶ LOUIS LOMBARDI

DISTRICT COURT NUMBER

CR 11 0785 CW

**DEFENDANT**

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
FBI

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☒ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☒ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

4-11-70534 MAG

Name and Office of Person Furnishing Information on this form    Hartley M. K. West
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Hartley M. K. West

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶
2) ☐ Is a Fugitive
3) ☒ Is on Bail or Release from (show District)
Northern District of California

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction     } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No    } If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year    May 12, 2011

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☐ WARRANT    Bail Amount: $500,000 unsec.

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 10/25/11/9:30 a.m.    Before Judge: Mag. Judge Beeler

Comments: Maintain current conditions of release.

## UNITED STATES v. LOMBARDI
## PENALTY SHEET ATTACHMENT

**OFFENSES CHARGED:**

<u>Misdemeanor</u>
18 U.S.C. § 242 – Deprivation of Rights Under Color of Law

<u>Felonies</u>
21 U.S.C. §§ 846 and 856 – Conspiracy to Maintain Drug-Involved Premises

21 U.S.C. §§ 846 and 841(b)(1)(D) – Conspiracy to Possess with Intent to Distribute Marijuana

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) – Possession with Intent to Distribute and Distribution of Marijuana

21 U.S.C. § 841(a)(1) and 841(b)(1)(C) – Possession with Intent to Distribute and Distribution of Methamphetamine

18 U.S.C. § 922(j) – Possession of Stolen Firearm

21 U.S.C. § 853 – Drug Forfeiture

18 U.S.C. § 924(d)(1) – Firearm Forfeiture

**MAXIMUM PENALTIES:**

18 U.S.C. § 242: 1 year imprisonment; $100,000 fine; $100 special assessment

21 U.S.C. §§ 846 and 856: 20 years imprisonment; $500,000 fine; $100 special assessment; forfeiture

21 U.S.C. §§ 846 and 841(b)(1)(D): 5 years imprisonment; $250,000 fine; $100 special assessment; forfeiture

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D): 5 years imprisonment; $250,000 fine; $100 special assessment; forfeiture

21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C): 20 years imprisonment; $1,000,000 fine; $100 special assessment; forfeiture

18 U.S.C. § 922(j): 10 years imprisonment; $250,000 fine; $100 special assessment; forfeiture

MELINDA HAAG (CABN 132612)
United States Attorney

E-filing

FILED
2011 OCT 24 P 3: 05
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LOUIS LOMBARDI,<br><br>Defendant. | No. CR 11 0785 CW<br><br>VIOLATIONS: 18 U.S.C. § 242 – Deprivation of Rights Under Color of Law; 21 U.S.C. §§ 846 and 856 – Conspiracy to Maintain Drug-Involved Premises; 21 U.S.C. §§ 846 and 841– Conspiracy to Possess with Intent to Distribute Marijuana; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Marijuana; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(j) – Possession of Stolen Firearm; 21 U.S.C. § 853 – Drug Forfeiture; 18 U.S.C. § 924(d)(1) – Firearm Forfeiture<br><br>(OAKLAND VENUE) |

INFORMATION

The United States Attorney charges:

At all times relevant to this Information:

1. Defendant LOUIS LOMBARDI was an officer with the San Ramon Police Department located in San Ramon, California.

2. Between approximately June 2005 and June 2009, LOMBARDI was assigned to the Contra Costa County Narcotics Enforcement Team (CNET) located in Pleasant Hill, California.

INFORMATION

3. CNET was a regional task force operated by the California Department of Justice, Bureau of Narcotics Enforcement.

SCHEME TO DEPRIVE OF RIGHTS UNDER COLOR OF LAW

4. Beginning on a date unknown, but no later than in or about early 2008, and continuing through at least November 2010, LOMBARDI, under color of law, statute, ordinance, regulation, and custom, developed and carried out a scheme to knowingly and willfully subject persons in the State of California to the deprivation of rights, privileges, and immunities secured and protected by the Constitution and laws of the United States, that is the right against unreasonable searches and seizures and the right against deprivation of property without due process of law.

5. In carrying out this scheme, LOMBARDI planned to and did steal money and property, including jewelry, narcotics, and other items, during searches that he performed in his role as a law enforcement officer with CNET.

COUNT ONE: (18 U.S.C. § 242 – Deprivation of Rights Under Color of Law)

6. On or about March 20, 2008, in the Northern District of California, the defendant,

LOUIS LOMBARDI,

under color of law, statute, ordinance, regulation, and custom, did knowingly and willfully subject a person in the State of California, specifically J.B., to the deprivation of rights, privileges, and immunities secured and protected by the Constitution and laws of the United States, that is the right against unreasonable searches and seizures and the right against deprivation of property without due process of law, in that he stole approximately $1,000 from J.B.'s home during the execution of a search warrant, in violation of Title 18, United States Code, Section 242.

///
///
///
///

1  COUNT TWO: (18 U.S.C. § 242 – Deprivation of Rights Under Color of Law)

2      7.     On or about November 13, 2008, in the Northern District of California, the defendant,

LOUIS LOMBARDI,

under color of law, statute, ordinance, regulation, and custom, did knowingly and willfully subject a person in the State of California, specifically members of the "Deep C" gang, to the deprivation of rights, privileges, and immunities secured and protected by the Constitution and laws of the United States, that is the right against unreasonable searches and seizures and the right against deprivation of property without due process of law, in that he stole approximately $3,000 during the execution of a search warrant, in violation of Title 18, United States Code, Section 242.

COUNT THREE: (18 U.S.C. § 242 – Deprivation of Rights Under Color of Law)

    8.     On or about December 1, 2008, in the Northern District of California, the defendant,

LOUIS LOMBARDI,

under color of law, statute, ordinance, regulation, and custom, did knowingly and willfully subject a person in the State of California, specifically O.O., to the deprivation of rights, privileges, and immunities secured and protected by the Constitution and laws of the United States, that is the right against unreasonable searches and seizures and the right against deprivation of property without due process of law, in that he stole personal property from O.O.'s home during the execution of a search warrant, in violation of Title 18, United States Code, Section 242.

///
///
///
///
///

**COUNT FOUR:** (18 U.S.C. § 242 – Deprivation of Rights Under Color of Law)

9. On or about November 5, 2010, in the Northern District of California, the defendant,

**LOUIS LOMBARDI,**

under color of law, statute, ordinance, regulation, and custom, did knowingly and willfully subject a person in the State of California, specifically A.G., to the deprivation of rights, privileges, and immunities secured and protected by the Constitution and laws of the United States, that is the right against unreasonable searches and seizures and the right against deprivation of property without due process of law, in that he stole jewelry from A.G.'s home during the execution of a search warrant, in violation of Title 18, United States Code, Section 242.

**COUNT FIVE:** (21 U.S.C. §§ 846 and 856 – Conspiracy to Maintain Drug-Involved Premises)

10. Beginning in or about May 2009 and continuing to in or about late 2010, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendant,

**LOUIS LOMBARDI,**

and others did knowingly and intentionally conspire to open, lease, rent, use, and maintain a place, permanently and temporarily, for the purpose of manufacturing a controlled substance, specifically marijuana, in violation of Title 21, United States Code, Sections 846 and 856(a)(1) and (b).

**COUNT SIX:** (21 U.S.C. §§ 846 and 841(b)(1)(D) – Conspiracy to Possess with Intent to Distribute and to Distribute Marijuana)

11. Beginning in or about May 2009 and continuing to in or about late 2010, both dates being approximate and inclusive, in the Northern District of California and elsewhere, the defendant,

**LOUIS LOMBARDI,**

INFORMATION 4

and others did knowingly and intentionally conspire to possess with intent to distribute and to distribute a Schedule I controlled substance, to wit: a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(D).

COUNT SEVEN: (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D) – Possession with Intent to Distribute and Distribution of Marijuana)

12. In or about November 2010, in the Northern District of California, the defendant,

LOUIS LOMBARDI,

did knowingly and intentionally possess with intent to distribute and distribute a Schedule I controlled substance, to wit: a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(D).

COUNT EIGHT: (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) – Possession with Intent to Distribute and Distribution of Methamphetamine)

13. On or about May 25, 2010, in the Northern District of California, the defendant,

LOUIS LOMBARDI,

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II controlled substance, to wit: a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C).

COUNT NINE: (18 U.S.C. § 922(j) – Possession of Stolen Firearm)

14. In or about February 2011, in the Northern District of California, the defendant,

LOUIS LOMBARDI,

did knowingly and intentionally receive, possess, conceal, store, barter, sell, and dispose of a stolen firearm, which was shipped and transported in interstate and foreign commerce before and after it was stolen, knowing and having reasonable cause to believe that the firearm was stolen,

1  all in violation of Title 18, United States Code, Section 922(j).

3  FIRST FORFEITURE ALLEGATION: (21 U.S.C. § 853 – Drug Forfeiture)
4    15. The factual allegations contained in Counts Five through Eight of this Information are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853(a)(1) and (2).

  16. Upon a conviction of any of the offenses alleged in alleged in Counts Five through Eight, the defendant,

LOUIS LOMBARDI,

shall forfeit to the United States all right, title, and interest in property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as a result of said violations, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

  17. If, as a result of any act or omission of the defendant, any of said property

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty;

any and all interest the defendant has in other property shall be vested in the United States and forfeited to the United States pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

  All in violation of Title 21, United States Code, Section 853(a)(1) and (2), and (p), and Rule 32.2 of the Federal Rules of Criminal Procedure.

///
///
///

INFORMATION         6

SECOND FORFEITURE ALLEGATION: (18 U.S.C. § 924(d)(1) – Firearm Forfeiture)

18. The allegations contained in Count Nine of this Information are realleged and incorporated herein.

19. Upon conviction for the offense alleged above, the defendant,

LOUIS LOMBARDI,

shall forfeit to the United States any firearm or ammunition involved in, or used in, any knowing violation of said offense.

All in violation of Title 18, United States Code, Section 924(d)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: October 24, 2011

MELINDA HAAG
United States Attorney

/s/ J. Douglas Wilson for
MIRANDA KANE
Chief, Criminal Division

(Approved as to form: /s/ Hartley M.K. West )
AUSAs WEST/HEMANN

INFORMATION 7