# Attachment A

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

**BY:** ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT ☐ SUPERSEDING

**OFFENSE CHARGED**

See attached penalty sheet

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**PENALTY:** See attached penalty sheet

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

*FILED 2011 AUG 9 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

**DEFENDANT - U.S.**
▶ NORMAN WIELSCH

**DISTRICT COURT NUMBER**
CR 11 0529 SBA

### PROCEEDING

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
}

Name and Office of Person Furnishing Information on this form: **MELINDA HAAG**

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): John Hemann & Hartley West

### DEFENDANT

**IS NOT IN CUSTODY**
1) ☒ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

**PROCESS:**
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: no bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:                    Before Judge:

Comments:

# PENALTY SHEET

**NORMAN WIELSCH:** Counts 1, 2, 4, 6, 10 - 12, and 14 - 17

**CHRISTOPHER BUTLER:** Counts 1 - 5, 7 - 9, and 13 - 17

| COUNT 1 | 21 U.S.C. 846 - Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine | PENALTY: | Life imprisonment (10 year mandatory minimum) 5 years supervised release $10,000,000 fine |
|---|---|---|---|
| COUNT 2 | 21 U.S.C. 841(a)(1) – Possession with Intent to Distribute and Distribution of Methamphetamine | PENALTY: | Life imprisonment (10 year mandatory minimum) 5 years supervised release $10,000,000 fine |
| COUNT 3 | 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine | PENALTY: | Life imprisonment (10 year mandatory minimum) 5 years supervised release $10,000,000 fine |
| COUNTS 4 - 9 | 21 U.S.C. 841(a)(1) – Possession with Intent to Distribute and Distribution of Marijuana | PENALTY: | 5 years imprisonment 3 years supervised release $250,000 fine |
| COUNTS 10 - 12 | U.S.C. 666(a)(1) – Theft from Programs Receiving Federal Funds | PENALTY: | 10 years imprisonment 3 years supervised release $250,000 fine |

| COUNT 13 | 18 U.S.C. §§ 666(a)(1) & 2 – Theft from Programs Receiving Federal Funds; Aiding and Abetting | PENALTY: | 10 years imprisonment<br>3 years supervised release<br>$250,000 fine |
|---|---|---|---|
| COUNT 14 | 18 U.S.C. § 241 – Conspiracy Against Rights | PENALTY: | Life imprisonment<br>5 years supervised release<br>$250,000 fine |
| COUNT 15 | 18 U.S.C. § 1951 – Extortion Under Color of Official Right | PENALTY: | 20 years imprisonment<br>5 years supervised release<br>$250,000 fine |
| COUNT 16 | 18 U.S.C. § 241 – Conspiracy Against Rights | PENALTY: | 10 years imprisonment<br>3 years supervised release<br>$250,000 fine |
| COUNT 17 | 18 U.S.C. § 1951 – Hobbs Act Robbery | PENALTY: | 20 years imprisonment<br>5 years supervised release<br>$250,000 fine |
| **SPECIAL ASSESSMENT:** | $100.00 for each count | | |
| **Forfeiture Allegations:** Criminal forfeiture of money or property is subject to proof in a separate proceeding immediately following conviction at a criminal trial on counts 1-17. | | | |

AO 257 (Rev. 6/78)

### DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

See attached penalty sheet

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: See attached penalty sheet

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

**DEFENDANT - U.S**

▶ CHRISTOPHER BUTLER

DISTRICT COURT NUMBER
CR 11 0529 SBA

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)
Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    MELINDA HAAG
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    John Hemann & Hartley West

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount: no bail

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____    Before Judge: _____

Comments:

# PENALTY SHEET

**NORMAN WIELSCH:** Counts 1, 2, 4, 6, 10 - 12, and 14 - 17

**CHRISTOPHER BUTLER:** Counts 1 - 5, 7 - 9, and 13 - 17

| COUNT 1 | 21 U.S.C. 846 - Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine | **PENALTY:** | Life imprisonment (10 year mandatory minimum) 5 years supervised release $10,000,000 fine |
|---|---|---|---|
| COUNT 2 | 21 U.S.C. 841(a)(1) – Possession with Intent to Distribute and Distribution of Methamphetamine | **PENALTY:** | Life imprisonment (10 year mandatory minimum) 5 years supervised release $10,000,000 fine |
| COUNT 3 | 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine | **PENALTY:** | Life imprisonment (10 year mandatory minimum) 5 years supervised release $10,000,000 fine |
| COUNTS 4 - 9 | 21 U.S.C. 841(a)(1) – Possession with Intent to Distribute and Distribution of Marijuana | **PENALTY:** | 5 years imprisonment 3 years supervised release $250,000 fine |
| COUNTS 10 - 12 | U.S.C. 666(a)(1) – Theft from Programs Receiving Federal Funds | **PENALTY:** | 10 years imprisonment 3 years supervised release $250,000 fine |

| COUNT 13 | 18 U.S.C. §§ 666(a)(1) & 2 – Theft from Programs Receiving Federal Funds; Aiding and Abetting | PENALTY: | 10 years imprisonment<br>3 years supervised release<br>$250,000 fine |
|---|---|---|---|
| COUNT 14 | 18 U.S.C. § 241 – Conspiracy Against Rights | PENALTY: | Life imprisonment<br>5 years supervised release<br>$250,000 fine |
| COUNT 15 | 18 U.S.C. § 1951 – Extortion Under Color of Official Right | PENALTY: | 20 years imprisonment<br>5 years supervised release<br>$250,000 fine |
| COUNT 16 | 18 U.S.C. § 241 – Conspiracy Against Rights | PENALTY: | 10 years imprisonment<br>3 years supervised release<br>$250,000 fine |
| COUNT 17 | 18 U.S.C. § 1951 – Hobbs Act Robbery | PENALTY: | 20 years imprisonment<br>5 years supervised release<br>$250,000 fine |

| | |
|---|---|
| **SPECIAL ASSESSMENT:** | $100.00 for each count |
| **Forfeiture Allegations:** Criminal forfeiture of money or property is subject to proof in a separate proceeding immediately following conviction at a criminal trial on counts 1-17. | |

# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: OAKLAND



UNITED STATES OF AMERICA,

V.

**SBA**

NORMAN WIELSCH and
CHRISTOPHER BUTLER,

**CR 11 0529**

DEFENDANT(S).

---

# INDICTMENT

21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine and Marijuana; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of Methamphetamine; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of Marijuana; 18 U.S.C. § 666(a)(1) – Theft From Programs Receiving Federal Funds; 18 U.S.C. § 241 – Conspiracy Against Rights; 18 U.S.C. § 1951 – Extortion Under Color of Official Right; 18 U.S.C. § 1951 – Hobbs Act Robbery; 18 U.S.C. § 2 – Aiding and Abetting; 21 U.S.C. § 853 – Forfeiture Allegation; 18 U.S.C. § 981(a)(1)(C) – Forfeiture Allegation; 28 U.S.C. § 2461(c) – Forfeiture Allegation

---

A true bill.

_____ Foreman

Filed in open court this __9__ day of August 2011

_____ Clerk

Bail, $ No bail warrant

MELINDA HAAG (CABN 132612)
United States Attorney



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. **CR 11 0529** |
| Plaintiff, | VIOLATIONS: 21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine and Marijuana; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of Methamphetamine; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of Marijuana; 18 U.S.C. § 666(a)(1) – Theft From Programs Receiving Federal Funds; 18 U.S.C. § 241 – Conspiracy Against Rights; 18 U.S.C. § 1951 – Extortion Under Color of Official Right; 18 U.S.C. § 1951 – Hobbs Act Robbery; 18 U.S.C. § 2 – Aiding and Abetting; 21 U.S.C. § 853 – Forfeiture Allegation; 18 U.S.C. § 981(a)(1)(C) – Forfeiture Allegation; 28 U.S.C. § 2461(c) – Forfeiture Allegation <br><br> OAKLAND VENUE |
| v. | |
| NORMAN WIELSCH and CHRISTOPHER BUTLER, | |
| Defendants. | |



INDICTMENT

The Grand Jury charges:

At all times relevant to this Indictment:

1.      Defendant NORMAN WIELSCH was a resident of Antioch, California and the Commander of the Contra Costa County Narcotics Enforcement Team (CNET) located in

INDICTMENT



Pleasant Hill, California.

2. CNET was a regional task force operated by the California Department of Justice, Bureau of Narcotics Enforcement (BNE). BNE received more than $10,000 in federal funds each year.

3. Defendant CHRISTOPHER BUTLER was a resident of Concord, California and a former Antioch Police Officer. BUTLER owned and operated a private investigation firm called Butler & Associates, which was also located in Concord, California.

COUNT ONE: (21 U.S.C. § 846 – Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine)

4. Beginning on a date unknown to the Grand Jury but no later than November 2010, and continuing to on or about February 16, 2011, both dates being approximate and inclusive, in the Northern District of California, the defendants,

NORMAN WIELSCH and
CHRISTOPHER BUTLER,

and others did knowingly and intentionally conspire to possess with intent to distribute and to distribute (A) a Schedule II controlled substance, to wit: 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, and (B) a Schedule I controlled substance, to wit: a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A)(viii) and 841(b)(1)(D).

COUNT TWO: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of Methamphetamine)

5. On or about February 15, 2011, in the Northern District of California, the defendants,

NORMAN WIELSCH and
CHRISTOPHER BUTLER,

did knowingly and intentionally possess with intent to distribute and distribute a Schedule II

INDICTMENT 2

controlled substance, to wit: 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

COUNT THREE: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine)

6. On or about February 16, 2011, in the Northern District of California, defendant

CHRISTOPHER BUTLER

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, to wit: 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, its salts, isomers, and salts of its isomers, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(viii).

COUNT FOUR: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of Marijuana)

7. In or about November 2010, in the Northern District of California, the defendants,

NORMAN WIELSCH and
CHRISTOPHER BUTLER,

did knowingly and intentionally possess with intent to distribute and distribute a Schedule I controlled substance, to wit: a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

COUNT FIVE: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of Marijuana)

8. On or about January 26, 2011, in the Northern District of California, defendant

CHRISTOPHER BUTLER

did knowingly and intentionally possess with intent to distribute and distribute a Schedule I controlled substance, to wit: a mixture and substance containing a detectable amount of

INDICTMENT 3

marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

COUNT SIX: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of Marijuana)

9. On or about and between January 27, 2011, and February 1, 2011, in the Northern District of California, defendant

NORMAN WIELSCH

did knowingly and intentionally possess with intent to distribute and distribute a Schedule I controlled substance, to wit: a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

COUNT SEVEN: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of Marijuana)

10. On or about February 1, 2011, in the Northern District of California, defendant

CHRISTOPHER BUTLER

did knowingly and intentionally possess with intent to distribute and distribute a Schedule I controlled substance, to wit: a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

COUNT EIGHT: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of Marijuana)

11. On or about February 2, 2011, in the Northern District of California, defendant

CHRISTOPHER BUTLER

did knowingly and intentionally possess with intent to distribute and distribute a Schedule I controlled substance, to wit: a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

///

///

INDICTMENT 4

COUNT NINE: (21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute and Distribution of Marijuana)

12. On or about February 8, 2011, in the Northern District of California, defendant

**CHRISTOPHER BUTLER**

did knowingly and intentionally possess with intent to distribute and distribute a Schedule I controlled substance, to wit: a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

COUNT TEN: (18 U.S.C. § 666(a)(1) – Theft from Programs Receiving Federal Funds)

13. Paragraphs 1 through 3 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

14. In or about November 2010, in the Northern District of California, defendant

**NORMAN WIELSCH,**

being an agent of a State government agency, specifically CNET, which received more than $10,000 of Federal funds during the one year period of January 2010 to December 2010, did knowingly and intentionally steal, obtain by fraud, and otherwise without authority convert to the use of a person other than the rightful owner, property, specifically marijuana that had been seized by CNET during a law enforcement operation, which was valued at $5,000 or more, and is owned by, and under the care, custody, and control of CNET, in violation of Title 18, United States Code, Section 666(a)(1).

COUNT ELEVEN: (18 U.S.C. § 666(a)(1) – Theft from Programs Receiving Federal Funds)

15. Paragraphs 1 through 3 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

16. On or about and between January 27, 2011, and February 1, 2011, in the Northern District of California, defendant

**NORMAN WIELSCH,**

being an agent of State government agency, specifically CNET, which received more than

INDICTMENT 5

$10,000 of Federal funds during the one year period of February 2010 to February 2011, did knowingly and intentionally steal, obtain by fraud, and otherwise without authority convert to the use of a person other than the rightful owner, property, specifically marijuana that had been seized by CNET during a law enforcement operation, which was valued at $5,000 or more, and is owned by, and under the care, custody, and control of CNET, in violation of Title 18, United States Code, Section 666(a)(1).

COUNT TWELVE: (18 U.S.C. § 666(a)(1) – Theft from Programs Receiving Federal Funds)

17. Paragraphs 1 through 3 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

18. On or about February 15, 2011, in the Northern District of California, defendant

NORMAN WIELSCH

being an agent of State government agency, specifically CNET, which received more than $10,000 of Federal funds during the one year period of February 16, 2010, to February 15, 2011, did knowingly and intentionally steal, obtain by fraud, and otherwise without authority convert to the use of a person other than the rightful owner, property, specifically methamphetamine that had been seized by CNET during a law enforcement operation, which was valued at $5,000 or more, and is owned by, and under the care, custody, and control of CNET, in violation of Title 18, United States Code, Section 666(a)(1).

COUNT THIRTEEN: (18 U.S.C. §§ 666(a)(1) & 2 – Theft from Programs Receiving Federal Funds; Aiding and Abetting)

19. Paragraphs 1 through 3 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

20. On or about February 15, 2011, in the Northern District of California, defendant

CHRISTOPHER BUTLER

did knowingly and intentionally aid, abet, counsel, command, induce, and procure an agent of State government agency, specifically Norman WIELSCH of CNET, which received more than

INDICTMENT 6

$10,000 of Federal funds during the one year period of February 15, 2010, to February 15, 2011, to steal, obtain by fraud, and otherwise without authority convert to the use of a person other than the rightful owner, property, specifically methamphetamine that had been seized by CNET during a law enforcement operation, which was valued at $5,000 or more, and was owned by, and under the care, custody, and control of such organization, government, and agency, in violation of Title 18, United States Code, Sections 666(a)(1) and 2.

COUNT FOURTEEN: (18 U.S.C. § 241 – Conspiracy Against Rights)

21. Paragraphs 1 through 3 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

22. Beginning in or about January 2009 and continuing to on or about February 6, 2009, in the Northern District of California, the defendants,

NORMAN WIELSCH and
CHRISTOPHER BUTLER,

and others known and unknown, did knowingly and intentionally conspire to injure, oppress, threaten, and intimidate a person in the State of California, specifically an individual with the initials F.S., in the free exercise and enjoyment of a right and privilege secured to F.S. by the Constitution and laws of the United States, that is the right against unreasonable searches and seizures and the right against deprivation of liberty and property without due process of law.

23. As a part of this conspiracy, BUTLER was hired by F.S.'s mother to engage in a "sting" operation in an attempt to deter F.S. from selling illegal drugs. BUTLER enlisted WIELSCH and others to participate in a staged arrest of F.S. during a drug transaction in CNET's parking lot. BUTLER and WIELSCH agreed that WIELSCH would wear his loaded firearm and drive a vehicle to the arrest scene where both would participate in the arrest and search of F.S.'s car and home.

24. As a further part of this conspiracy, on or about February 6, 2009, F.S. was handcuffed, placed in the back of a car, interrogated, and his pockets, car, and bedroom searched. BUTLER and WIELSCH took and maintained illegal drugs that were seized during these

INDICTMENT 7

1  searches.

2  All in violation of Title 18, United States Code, Section 241.

4  COUNT FIFTEEN: (18 U.S.C. § 1951 – Extortion Under Color of Official Right)

5  25. Paragraphs 1 through 3 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

7  26. Beginning in or about November 2009 and continuing to in or about April 2010, in the Northern District of California, the defendants,

CHRISTOPHER BUTLER and
NORMAN WIELSCH,

did knowingly and intentionally affect and conspire to affect commerce by extortion, that is, by obtaining property not due to them or to CNET, to wit periodic cash payments, from persons operating an illicit massage parlor, with the persons' consent, in exchange for shielding the massage parlor employees from law enforcement action, under color of official right. Specifically, BUTLER, WIELSCH, and others agreed to establish an illicit massage parlor in Pleasant Hill, California, which WIELSCH and BUTLER agreed to protect using WIELSCH's law enforcement status. In exchange for this protection, the women working at the massage parlor made weekly payments to BUTLER, which BUTLER shared with WIELSCH.

All in violation of Title 18, United States Code, Section 1951.

COUNT SIXTEEN: (18 U.S.C. § 241 – Conspiracy Against Rights)

28. Paragraphs 1 through 3 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

29. Beginning on a date unknown to the grand jury and continuing to in or about August 2010, in the Northern District of California, the defendants,

NORMAN WIELSCH and
CHRISTOPHER BUTLER,

and others known and unknown, did knowingly and intentionally conspire to injure, oppress,

INDICTMENT                                     8

threaten, and intimidate persons in the State of California in the free exercise and enjoyment of a right and privilege secured to them by the Constitution and laws of the United States, that is the right against unreasonable searches and seizures and the right against deprivation of property without due process of law.

30. As part of this conspiracy, WIELSCH and BUTLER identified individuals they believed to be prostitutes through online advertisements and arranged meetings with them, typically in hotels, where they staged what purported to be legitimate sting operations in order to unlawfully take the prostitutes' money and property for themselves.

31. As a further part of this conspiracy, in or about July and August 2010, WIELSCH and BUTLER arranged to meet prostitutes at the Homestead Suites hotel in San Ramon, California. At the meeting, WIELSCH and BUTLER both showed law enforcement badges and WIELSCH brandished his firearm. WIELSCH and BUTLER took money and cellular telephones from the prostitutes, but WIELSCH did not issue a citation or provide property receipts.

All in violation of Title 18, United States Code, Section 241.

COUNT SEVENTEEN: (18 U.S.C. § 1951 – Hobbs Act Robbery)

32. Paragraphs 1 through 3 of this Indictment are hereby re-alleged and incorporated by reference as if set forth in full herein.

33. Beginning on a date unknown to the grand jury and continuing to in or about August 2010, in the Northern District of California, the defendants,

NORMAN WIELSCH and
CHRISTOPHER BUTLER,

did knowingly and intentionally affect and conspire to affect commerce by robbery, that is, by unlawfully taking and obtaining personal property from the person and in the presence of another, specifically J.H. and S.P., against that person's will, by means of actual and threatened force, and violence, and fear of injury, immediate and future, to the person and property, in violation of Title 18, United States Code, Section 1951.

INDICTMENT 9

FORFEITURE ALLEGATION ONE: (21 U.S.C. § 853 – Drug Forfeiture)

34. The factual allegations contained in Counts One through Nine of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853(a)(1) and 853(a)(2).

35. Upon a conviction of any of the offenses alleged in Counts One through Nine, the defendants,

<div style="text-align:center">

NORMAN WIELSCH and
CHRISTOPHER BUTLER,

</div>

shall forfeit to the United States all right, title, and interest in property constituting and derived from any proceeds defendants obtained, directly or indirectly, as a result of said violations, and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the said violations.

36. If, as a result of any act or omission of defendants, any of said property
    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to or deposited with a third person;
    c. has been placed beyond the jurisdiction of the Court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property that cannot be divided without difficulty;

any and all interest defendants have in any other property (not to exceed the value of the above forfeitable property) shall be vested in the United States and forfeited to the United States, pursuant to Title 21, United States Code, Section 853(a)(1), (a)(2), and (p) and Federal Rule of Criminal Procedure 32.2.

/ / /
/ / /
/ / /
/ / /
/ / /

INDICTMENT                                          10

1  FORFEITURE ALLEGATION TWO:  (18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))

2  37.  The factual allegations contained in Counts Ten through Thirteen and Count Seventeen of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 981(a)(1)(c) and 28 U.S.C. § 2461(c).

38.  Upon a conviction of the offenses alleged in Counts Ten through Thirteen, Fifteen, and Seventeen, the defendants,

NORMAN WIELSCH and
CHRISTOPHER BUTLER,

shall forfeit to the United States, all property (real and personal) which constitutes proceeds and is derived from proceeds traceable to said offense(s), pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

39.  If, as a result of any act or omission of the defendant, any of said property
   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to or deposited with, a third person;
   a. has been placed beyond the jurisdiction of the Court;
   b. has been substantially diminished in value; or
   c. has been commingled with other property which, without difficulty cannot be subdivided;

any and all interest defendants have in any other property (not to exceed the value of the above forfeitable property) shall be forfeited to the United States, pursuant to Title 18, United States

///
///
///
///
///
///
///

INDICTMENT          11

Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853(p) (as incorporated by Title 28, United States Code, Section 2461(c)), and Rule 32.2 of the Federal Rules of Criminal Procedure.

DATED: August 9, 2011                A TRUE BILL.

                                     /s/ Foreperson
                                     FOREPERSON

MELINDA HAAG
United States Attorney

/s/ Miranda Kane
MIRANDA KANE
Chief, Criminal Division

(Approved as to form: _____/s/_____ )
                      AUSAs WEST/HEMANN

INDICTMENT                    12